JOSEPH R. BRADFORD *vs.* ROBERT B. FORBES & others.

A bill in the nature of a bill of interpleader, brought by the executor of a will to obtain the instructions of this court as to the execution of his trust, is not a proper mode to try the rights of creditors of a deceased person to collect their demands, under *Sts.* 1861, *c.* 174, and 1863, *c.* 235, after the same are barred by the statute of limitations.

If a testator in his will devises certain real estate, and directs that a mortgage thereon shall be paid from his other property, and afterwards executes a deed thereof to the devisee, subject to the mortgage, it is the duty of the executor to pay off the mortgage.

BILL IN EQUITY, in the nature of a bill of interpleader, brought by the executor of the will of Joseph Russell, to obtain the instructions of this court as to the proper execution of his trust.

The following facts appeared from the bill and answers of the various parties interested: The testator died in May 1858, and his will was duly proved, and the plaintiff was appointed and gave

---

* BIGELOW, C. J. did not sit in this case.

bond as executor in the same month. By the will, which was made in June 1853, the testator devised to Mrs. Amelia Russell, the widow of his deceased son, a lot of land, with a dwelling-house thereon, in West Roxbury. He then bequeathed to a daughter certain shares and bonds, which proved worthless; directed that all his just debts, including the mortgage upon his dwelling-house, should be paid; "and what shall remain shall be divided equally" among several persons named. In September 1857 the testator conveyed to Mrs. Amelia Russell, by deed of quit-claim, without any covenants, duly recorded, the said real estate, describing it as "subject to mortgage of $4200." The real estate was then actually subject to one mortgage for $3000, and three others which were afterwards paid by and assigned to Mrs. Russell, amounting together to $1200.

The testator before his death had commenced a suit in equity against the trustees under the will of his wife to recover a sum of between $3000 and $4000, which suit after his death was prosecuted by the plaintiff, and judgment recovered therein in January 1862. See 3 Allen, 121. The plaintiff received $3275 upon said judgment in February 1862. Soon after the testator's decease, certain of his creditors presented their claims to the plaintiff, amounting to $1116, and he, being satisfied of their correctness, and being confident of the validity of the claim prosecuted against said trustees, did not declare the estate insolvent, although there were no available means to pay, but allowed the claims, and orally assured the holders that they should be paid as soon as means should be recovered in that suit. And since the recovery of the judgment therein, the creditors have renewed their demands for payment. The other available assets of the estate were very small. The probate court ordered the plaintiff to pay the sums in his hands to the parties legally entitled to receive the same, without deciding who such parties were. The mortgage for $3000 is now held by Mrs. Esther W Green, who appeared and waived all claim upon the fund in the plaintiff's hands, and elected to rely on her mortgage.

*G. S. Hillard*, for the creditors. The sum recovered in the suit against the trustees was new assets, within the meaning of

Bradford *v.* Forbes & others.

Gen. Sts. *c.* 97, § 6. See *Holland* v. *Cruft*, 20 Pick. 321; *White* v. *Swain*, 3 Pick. 365; *Chase* v. *Redding*, 13 Gray, 418; *Ostrom* v. *Curtis*, 1 Cush. 461. The estate is therefore insolvent; and the mortgagee can be compelled in equity to resort in the first instance to the real estate, for the benefit of the creditors. *Haverhill Loan & Fund Association* v. *Cronin*, 4 Allen, 141, and cases cited. *Farnum* v. *Boutelle*, 13 Met. 159.

*C. F. Blake*, (of New York,) for Mrs. Amelia Russell. Ordinarily a mortgage debt must be paid out of personal property. *Andrews* v. *Bishop*, 5 Allen, 490, and cases cited. In this case there was an express direction in the will to pay it out of such property, and this direction was not revoked by the subsequent conveyance, subject to the mortgage. See Sugden on Vend. (7th Amer. ed.) 218, and cases cited. *Vandeleur* v. *Vandeleur*, 3 Clark & Fin. 98. The deed and the will should be construed together, and the deed is to be governed by the same rule applicable to devises, namely, that the mortgage is to be satisfied out of the personalty. *Waldron* v. *Waldron*, 4 Bradf. 114.

*J. Lowell*, for one of the residuary devisees. The executor is not bound to pay this debt, because, 1, Mrs. Green makes no claim on the personal assets. 2. The testator's deed was a revocation of the devise. 1 Jarman on Wills, (4th Amer. ed.) 131, and cases cited. The cases of ademption of specific legacies are analogous. 2 Williams on Executors, (4th Amer. ed.) 1132, *& seq.*, and cases cited. 2 Story on Eq. §§ 1115–1123, and cases cited. The deed, being a mere release, imports on its face that the grantee should assume the payment of the mortgage debt, and Mrs. Russell accordingly paid a portion of the mortgages. The claims of the general creditors are barred by the statute, and should not be allowed against the estate. *Waltham Bank* v. *Wright*, 8 Allen, 121. *Jenney* v. *Wilcox, ante,* 245.

Hoar, J. If the rights of the general creditors of the plaintiff's testator were regularly before us for adjudication, it would seem that their claim could not be supported. With full knowledge of all the facts, and without fraud or misrepresentation, they made an agreement with the executor which the law does not authorize him to make, and voluntarily allowed their debts to

become barred by the statute of limitations. There is nothing to distinguish their case from the recent decisions in *Waltham Bank* v. *Wright,* 8 Allen, 121, and *Jenney* v. *Wilcox, ante,* 245. The recovery of the judgment by the executor in a suit pending at the time of the testator's death, and the receipt of the money, did not constitute any new assets in the hands of the executor after the period of limitation, within the meaning of Gen. Sts. *c.* 97, § 6, or the statutes of which that is a revision. *Chenery* v. *Webster,* 8 Allen, 76.

But there is no question of the rights of creditors before us. The executor brings this bill, in the nature of a bill of inter-pleader, to obtain the direction of the court in the execution of his trust. These creditors have no claims against him. Their claims are barred by the statute ; and the creditors have not filed any bill in equity, under the provisions of *St.* 1861, *c.* 174, § 2, and *St.* 1863, *c.* 235. There is therefore no obstacle on their part to his proceeding to settle the estate according to the will. It is obvious that this suit is not the proper mode in which to try the right of the ordinary creditors of a deceased person to collect their respective demands.

The remaining question is a simple one ; and depends upon the just construction of Mr. Russell's will. By his will he gave his dwelling-house to his daughter in law, Mrs. Amelia Russell ; and expressly directed that the mortgage upon it should be dis-charged. There were but two specific devises or legacies ; and the bequest of the residue is of " what shall remain " after the specific legacies have been satisfied, and his debts, including the mortgage on his dwelling-house, paid. It is plain that it was his intention that Mrs. Russell should have the dwelling-house free of incumbrance. But he conveyed it to her in his lifetime, " subject to mortgage of $4200." This was an ademption or revocation *pro tanto* of the will. The argument is now urged, that by the conveyance " subject to the mortgage " it became the duty of the grantee to discharge the incumbrance ; and that the testator not only parted with his title to the real estate, but made a contract by which his personal debt was provided for leaving nothing on which the provisions of the will could operate

Bradford *v.* Forbes & others.

Without deciding whether the mere grant of an equity of redemption, subject to the mortgage, if made to a stranger, would imply an agreement to indemnify the grantor against the mortgage, we think this case presents a clear distinction. If the proposition were true to its whole extent, or only so far as the title to the estate is concerned; that is, that if the grantor should be obliged to pay the mortgage, he would be subrogated to the rights of the mortgagee against his grantee; and supposing even that the latter relation existed during the life of the testator between him and Mrs. Russell; we are of opinion that there is nothing which sufficiently indicates any change of his purpose to exonerate the real estate from the mortgage debt. By his will, there were two purposes clearly expressed; one, to give Mrs. Russell his interest in the dwelling-house, which was only an equity of redemption; the other, to relieve his devise of the incumbrance, which was his own personal debt. The first he executed in his lifetime, and thereby took it out of the operation of the will. The other remained at his death in part unperformed, and his will in that respect remained unchanged. 1 Washburn on Real Prop. 565, 566, 567, and cases there cited. *Hays* v. *Jackson*, 6 Mass. 149.

The decree will therefore be entered that Mrs. Russell is entitled to have the mortgage on the dwelling-house which was outstanding at the testator's death discharged, before any distribution shall be made to the residuary legatees; and that the costs of all parties to the litigation be paid from the fund.

*Decree accordingly.*